Mike Rodenbaugh – Cal. Bar No. 179059
Marie Richmond – Cal. Bar No. 292962
RODENBAUGH LAW
548 Market Street
San Francisco, CA  94104
(415) 738-8087

Attorneys for Konabear, Inc.
dba Skateworks

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KONABEAR, INC., a California corporation, | Case No. 15-3096 |
| Plaintiffs, | **COMPLAINT FOR:** |
| vs. | 1.  Trademark Infringement |
| DIGVIJAY PATEL, an individual, | 2.  Unfair Competition |
| Defendant. | 3.  Breach of Contract |
| | **DEMAND FOR JURY TRIAL** |

### NATURE OF ACTION

Plaintiff Konabear, Inc. dba Skateworks seeks a finding that Defendant Digvijay Patel has infringed on Plaintiff's SKATEWORKS trademark, engaged in unfair competition by providing competing, unauthorized retail store services using Plaintiff's SKATEWORKS trademark and breached a franchise contract with Plaintiff.

### JURISDICTION AND VENUE

1.      Subject matter jurisdiction exists in this case pursuant to 28 U.S.C. § 1331, giving this Court original jurisdiction in a civil action raising a federal question under 28 U.S.C. § 1338(a) and the Lanham Act, 15 U.S.C. § 1125, giving this Court original and

Complaint - 1

exclusive jurisdiction in a civil action arising under the trademark laws and cybersquatting laws of the United States. Pendent jurisdiction exists over the state law claims.

2. This Court has personal jurisdiction over Defendant because the Defendant resides in the State of California and is located within this judicial District.

3. Venue is proper in this Judicial District under 28 U.S.C §§ 1391, because the Court has personal jurisdiction over the Defendant and Defendant resides in this District.

## THE PARTIES

4. Plaintiff Kona Bear, Inc. and its predecessor in interest dba Skateworks ("Skateworks") owns and operates a number of online and traditional retail stores that market and sell skateboards, skateboarding equipment, skateboard accessories and athletic apparel under the SKATEWORKS trademark. Plaintiff is located at 379 State Street, Los Altos, CA 94022.

5. Upon information and belief, Defendant Digvijay Patel is located at 8000 Foothill Ranch Rd., Santa Rosa, CA 95404.

## FACTUAL BACKGROUND

### Plaintiff's Business and the SKATEWORKS Trademark

6. Skateworks is a family owned and operated skateboard shop that markets and sells skateboards, skateboard equipment, skateboard accessories and apparel. In addition to retail services, Skateworks offers group and individual skateboarding lessons, as well as a pay-by-hour skateboarding ramp. Plaintiff opened its first Skateworks store in Boulder Creek, California in 1988, and currently operates two Skateworks stores in Los Altos and Santa Cruz, California. Plaintiff also operates an online retail store via its website at <skateworks.com>.

7. Plaintiff has been using the SKATEWORKS trademark in commerce since at least as early as 1988, in connection with retail services for skateboards, skateboard equipment, skateboard accessories and athletic apparel since that time.

Complaint - 2

8.      Plaintiff owns two California trademark registrations for the SKATEWORKS mark, including: (a) registration no. 69551, in Class 35 (Retail clothing stores; Retail athletic equipment stores; On-line retail stores); and registration no. 115631, in Classes 28 and 25 (Skateboard decks, skateboard wheels, skateboard trucks, skateboard ball bearings, skateboard grip tape, tshirts, sweatshirts, hats, pants, shorts).

9.      Plaintiff has also applied for a United States Federal trademark registration for the SKATEWORKS mark, serial no. 86620836, International Class 35 (On-line retail store services featuring a wide variety of consumer goods of others; On-line retail store services featuring skateboards, skateboarding equipment, skateboarding accessories, and athletic apparel; Retail store services featuring a wide variety of consumer goods of others; Retail stores featuring skateboards, skateboarding equipment, skateboarding accessories, and athletic apparel).

10.     Due to longstanding and exclusive use in commerce, Plaintiff has valid and enforceable rights in its SKATEWORKS trademark.

<u>Defendant's Actions and Infringement</u>

11.     In 2008, Defendant entered into a franchise agreement with Plaintiff wherein Defendant was permitted to operate as an authorized Skateworks franchise store in connection with the SKATEWORKS mark, and in exchange, Defendant agreed to pay annual franchise fees to Plaintiff.

12.     Defendant failed to pay any of the required annual franchise fees to Plaintiff, but continued to use the SKATEWORKS trademark in connection with his retail store.

13.     Plaintiff is informed and believes that Defendant still operates a retail store in Santa Rosa, California under the SKATEWORKS mark (the "Infringing Store").  *See* Exhibit A.  Upon information and belief the Infringing Store is located in the Santa Rosa Plaza, a mall located at 1071 Santa Rosa Plaza, Santa Rosa, CA 95401.

Complaint - 3

14.     Plaintiff is further informed and believes that the Infringing Store sells shoes, apparel, skateboards and skateboard accessories – similar to and in competition with Plaintiff.

15.     Defendant promotes his business through various online platforms including, but not limited to Facebook and Instagram.

16.     Upon information and belief Defendant has used the email address 'skatework@gmail.com' in connection with his retail store business.

17.     Upon information and belief, Defendant continues to use Plaintiff's SKATEWORKS trademark in commerce, despite Plaintiff's written demands that Defendant cease and desist from doing so.

## COUNT I:  TRADEMARK INFRINGEMENT

18.     Plaintiff realleges paragraphs 1-17 of this Complaint.

19.     Plaintiff has a valid and legally protectable trademark.  Plaintiff began using the SKATEWORKS trademark in commerce as early as 1988.  Plaintiff has obtained valid California state trademark registration and has also applied for U.S. Federal registration for the SKATEWORKS mark.

20.     Plaintiff's use of the SKATEWORKS trademark predates that of Defendant by many years.

21.     Defendant's use of the SKATEWORKS mark to identify the Infringing Store causes a likelihood of confusion because it is identical to Plaintiff's SKATEWORKS mark.  Additionally, the services offered by Defendant under such trademark are essentially identical to Plaintiff's services.   These actions are likely to lead consumers to mistakenly believe that Defendant's services are connected with, sponsored by, or in some way approved by Plaintiff.

Complaint - 4

22.     Moreover, Defendant demonstrated a bad faith intent to profit from Plaintiff's trademark as evidenced by the fact that he was aware of Plaintiff's trademark when he adopted the SKATEWORKS mark for his own commercial use.

## COUNT II:  UNFAIR COMPETITION

23.     Plaintiff realleges paragraphs 1-22 of this Complaint.

24.     Defendant's wrongful acts, as described in this Complaint, are unlawful, unfair and fraudulent, and cause damage to Plaintiff and injure its business, in violation of section 17200 *et seq.* of the California Business and Professions Code.

25.     As a result of Defendant's past and continued wrongful acts, Plaintiff has incurred damages in an amount to be proved at trial, including compensation for Plaintiff's time, effort and attorneys' fees.

## COUNT III:  BREACH OF CONTRACT

26.     Plaintiff realleges paragraphs 1-25 of this Complaint.

27.     Plaintiff and Defendant entered into a valid, binding contract in 2008 when Defendant agreed to operate as a Skateworks franchisee and Plaintiff as the franchisor.

28.     Plaintiff performed his duties under the contract, including permitting Defendant to use the SKATEWORKS mark in connection with his retail store.

29.     All the conditions required for Defendant's performance under the contract occurred and Defendant failed to make annual franchise payments as required by the contract.

30.     Defendant's continued use of the SKATEWORKS mark in connection with the operation of his retail store constitutes a breach of contract.

31.     Plaintiff has been, and continues to be injured by Defendants unauthorized use Plaintiffs SKATEWORKS mark.

## PRAYER FOR RELIEF

Complaint - 5

WHEREFORE, Plaintiff alleges that it has been damaged by Defendant's conduct as set forth herein, and prays for judgment as follows:

a. a finding that Defendant has infringed Plaintiff's trademark;

b. a finding that Defendant breached the franchise contract;

c. a finding awarding Plaintiff monetary compensation for damages sustained by Defendants' wrongful actions as alleged in this Complaint;

d. a permanent injunction against Defendant's use of Plaintiff's trademark for any commercial purpose, requiring Plaintiff to rebrand the Infringing Store and terminate all associated social media accounts;

e. an award of reasonable attorneys' fees and expenses, and costs of this action; and,

f. such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs respectfully request that all issues in this case be decided by a jury.

Dated: July 3, 2015                                  RODENBAUGH LAW

By: _Mike Rodenbaugh_

Mike Rodenbaugh
RODENBAUGH LAW

Complaint - 6